DAVID R. REED v. DANIEL SNOWHILL ET AL.

Where a lease is ended before the expiration of the term by an agreement, in writing, for delivery of possession and payment of a sum certain, fully executed by surrender of possession, payment of the sum named and acceptance, a covenant to deliver up possession on the expiration of the lease, in good repair, not having matured and become actionable during the continuance of the term, is cut off by the surrender.

On error to the Supreme Court. For opinion of Supreme Court, see 20 *Vroom* 292.

For the plaintiff in error, *S. A. Patterson* and *Henry G. Clayton.*

For the defendant in error, *Alan H. Strong.*

The opinion of the court was delivered by

SCUDDER, J. The plaintiff in error was lessee of a frame building, used for a store, in Spotswood, Middlesex county, by a lease in writing, under seal, from the 1st day of October, 1883, for the term of one year, to end on the 1st day of October, 1884, and for the sum, or rent, of $125, in equal quarterly payments of $31.25 each. On August 29th, 1884, after the lessee had entered into possession under his lease, an agreement in writing was made, signed by Daniel Snowhill, one of the lessors, whereby, in consideration of David R. Reed, the lessee, relinquishing possession of the demised premises on September 1st, 1884, the lessors agreed to release Reed from the payment on the lease of $20.85, leaving a balance due on the lease by said Reed of $41.65. The exact and full terms of this agreement will be found in the case reported. It was written upon the lease, and referred in express words to the parties and premises. The fact that it was signed by one only of the three lessors does not appear in the case as an exception, nor until on the argument in this court. This objection might have been met and remedied by proofs, if presented at an earlier stage of the cause, and it must be assumed now that the lessor, Daniel Snowhill, had authority to act for his co-lessors in making this agreement. Possession was given by the lessee; the balance to be paid on the lease by him was paid; the possession and payment were accepted by the lessors, and so the agreement was fully executed. It would appear to be an indisputable conclusion that this was an end to all the terms of the lease by the expressed intention and acts of the parties. It was, in legal effect, a surrender of the estate demised to the tenant, and if such estate be surrendered, the whole interest is determined, without further ceremony, and as to the parties themselves it will

be determined to all intents. *Comyn's Dig., tit. "Surrender,"* 4. Or, as it is expressed in *Bac. Abr., tit. "Leases,"* S, "a surrender is a yielding up of an estate for life or years to him who hath the immediate estate in reversion or remainder, wherein the estate for life or years may drown by mutual agreement." With this ending of the estate or interest in the lands goes also all covenants in the lease which had not matured and become actionable during the continuance of the estate.

In this case it is contended by the plaintiffs below, who have brought this action for breach of covenant, that their remedy for the removal of counters and shelvings in the store, and the painting of a sign in large letters on the front of the building, and staining the walls by tobacco heaped against it, remains, notwithstanding the surrender of the estate. This depends on the form of the covenant in the lease. It reads thus: "That on the expiration of the said lease he will deliver up the possession of said premises to the said party of the first part, or their legal representatives, peaceably and quietly, and in as good repair as the same were at the commencement of the said lease (necessary wear and damages by fire, war and tempest only excepted)." This is not a continuing covenant to repair and keep in repair at all times during the term upon which an action may be brought at any time when there is a breach, but the tenant has the whole time until the end to put the premises in as good repair as they were at the commencement of the term. The time to which the covenant in the lease relates is the end of the term of one year from the 1st of October, 1883, to the 1st of October, 1884. Its interruption and termination by the subsequent mutual agreement of the parties cut off the remainder of the term and prevented the lessee from performing his covenant within the further time given. Without some reservation or permission given, the lessee had no right, after the lessors had again taken possession, to enter and make repairs, and is not required to do what may not lawfully be done.

The words "*on the expiration of said lease,*" in the cove-

nant, construed as the parties understood them at the time the lease was executed, did not contemplate any other end than the full term for keeping the covenant. If they made any subsequent agreement and their intention was changed, this should not be left as a doubtful inference, but should appear in clear terms. As the surrender was made in writing, it is proper to conclude that it contained all the parties intended should be performed on each side: the delivery of the possession and payment of the sum agreed upon on the one side, and the acceptance of possession and of the sum stipulated on the other side. These terms having been complied with on both sides, the covenant obligation of the lessee to deliver up possession at a future time, in repair, is prevented by the act of the parties, and there cannot be a breach of covenant after the lease is ended.

The question of waste cannot be raised under the pleadings in this case, nor would an action for it be maintainable, with the notice of the injury had by the lessors and the express agreement between them covering the entire contract between them growing out of the lease.

The authorities on this subject will be found in the opinions prepared in the Supreme Court, and fully sustain, we think, the conclusion that the judgment in that court should be reversed.

*For affirmance*—WHITAKER. 1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, MAGIE, SCUDDER, VAN SYCKEL, BROWN, CLEMENT. 8.